# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| ERNEST B. DIGGS, Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:15-cv-00978-WMA-JEO |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on October 26, 2015, recommending that this 42 U.S.C. § 1983 action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) because it is frivolous, fails to state a claim upon which relief can be granted, and seeks monetary relief from defendants who are immune from suit. The plaintiff filed a motion to amend the complaint on November 3, 2015. (Doc. 7). He also filed objections to the report and recommendation on November 9, 2015. (Doc. 8). The objections point to no factual or legal errors in the report and recommendation. (*Id.* at 1). Instead, the plaintiff simply asks that his motion for leave to amend the complaint be granted. (*Id.*)

The plaintiff seeks to amend the complaint so that style of this case reflects that his name is Ernest Braxton Diggs Jr., not Ernest L. Diggs, the name set out in the

1

style of the magistrate judge's orders and report and recommendation. (Doc. 7). A review of the plaintiff's initial complaint reflects that he identified himself as Ernest B. Diggs, Jr. (Doc. 1 at 1). Therefore, the identification of the plaintiff in the magistrate judge's orders and the report and recommendation is simply a scrivener's error, and no amendment to his complaint is necessary.

By amending his complaint, the plaintiff also seeks to correct factual errors he made in his initial complaint. (*Id.*) With the exception of minimal changes to the facts and his request for relief, the plaintiff's initial complaint (doc. 1 at 1-9) and the proposed amended complaint (doc. 7 at 3-9) are virtually identical. For the reasons that follow, the proposed changes would not entitle the plaintiff to relief.

In his proposed amended complaint, the plaintiff alleges that the refusal to place extra postage on his legal mail in November 2001 delayed the filing of the Attorney General's copy of an application for rehearing, and caused the application to be overruled by the Alabama Court of Criminal Appeals. (Doc. 7 at 5, 7). In late November and early December 2001, the State of Alabama moved to strike the plaintiff's petition for writ of certiorari "due to a violation of due process," namely, the plaintiff's failure to timely send them his application for rehearing. (*Id.*) On February 22, 2002, the Alabama Supreme Court denied his petition for writ of certiorari. (*Id.* at 5-6). The plaintiff adds that "recently prior to the filing of this

2

complaint," he learned the Alabama Supreme Court's February 22, 2002, decision was not a denial, but an order "striking the Petition from the" records. (*Id.* at 6). He complains the defendants' actions resulted in the procedural default of his state court case and a federal habeas corpus petition. (*Id*. at 7). For relief, he demands "the Procedural Default judgment" be declared void, his habeas corpus petition be granted, and the prison mail room policy be changed. (*Id.* at 8).

It is within the court's discretion to deny a motion to amend where the amendment would be futile. *Vanderburg v. Donaldson*, 259 F.3d 1321, 1326-27 (11th Cir. 2001). The fact that the plaintiff "recently" discovered that the Alabama Supreme Court February 22, 2002, decision struck his petition for writ of certiorari, instead of his previous belief that the decision was a denial of the petition, is of no consequence to the statute of limitations question. As set out by the magistrate judge, the plaintiff has known since November 2001 that some of the Department of Corrections' defendants refused to place additional postage on his legal mail. (Doc. 6 at 6). As such, the plaintiff's claim would still be barred by the applicable statute of limitations.[1]

---

[1] The plaintiff has never revealed the case numbers or procedural history of convictions he was challenging in state and federal court. The court has examined the Public Access to Court Electronic Records (PACER), an electronic public access service that allows a user to obtain case and docket information online from federal appellate, district, and bankruptcy courts, and discovered the plaintiff filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Alabama on February 21, 2003. *See Ernest B. Diggs, Jr. v. Billy Mitchem,*

Moreover, a portion of the relief requested in the proposed amended complaint challenges the plaintiff's conviction and the fact or duration of his confinement. Such challenges may only be accomplished by way of a petition for writ of *habeas corpus*, an avenue the plaintiff unsuccessfully attempted over a decade ago. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *supra*, n.1. Accordingly, to the extent the plaintiff's complaint can be read to request a release from custody, such relief is not appropriate in an action under § 1983 and any claims in that regard are due to be

---

*Warden*, 1:03-cv-00104-WS-M, (doc. 1). His habeas petition reveals that on February 22, 2002, the Alabama Supreme Court denied certiorari review as to Rule 32 petitions bearing the case numbers CC-98-3672.60 through CC-98-3718.60. (*Id.* at 5). On October 6, 2004, United States Magistrate Judge Bert W. Milling, Jr. recommended dismissal of the habeas petition because all of the claims raised therein were procedurally defaulted. (*Id.*, doc. 12). Notably, *none* of the stated reasons for the default were for the reasons the plaintiff now raises in this 42 U.S.C. § 1983 action. Instead, the claims were defaulted because the state court found the claims had not been raised at trial, on direct appeal or because they were not pleaded with sufficient specificity, as required by Rule 32.2(a) and Rule 32.6(b) of the Alabama Rules of Criminal Procedure. (*Id.* at 3-8). The plaintiff did not argue cause and prejudice for the default, or that a miscarriage of justice would occur if the claims were not heard. (*Id.* at 8-9). Although the plaintiff filed objections to the report and recommendation on October 10, 2004, and argued cause and prejudice as well as the miscarriage of justice exceptions to default, none of the reasons he presented were the allegations he now raises in this 42 U.S.C. § 1983 action. (*Id.*, doc. 13). On October 25, 2004, Senior United States District Judge W.B. Hand adopted and accepted the report and recommendation, and denied the habeas petition. (*Id.*, doc. 14). On March 14, 2005, the Eleventh Circuit Court of Appeals denied the plaintiff's motion for certificate of appealability and *in forma pauperis* application. (*Id.*, doc. 24; *See Ernest B. Diggs, Jr. v. Billy Mitchem, Warden*, No. 04-16053-E.

The plaintiff also has filed two subsequent habeas petitions regarding the same convictions, which were dismissed for lack of jurisdiction as successive petitions. *See Ernest B. Diggs, Jr. v. DeWayne Estes*, *Warden*, Case no. 1:13-cv-00052-CG-M (S.D. Ala., filed Feb. 1, 2013, and denied September 23, 2013); *Ernest B. Diggs, Jr. v. Christopher Gordy, Warden*, Case no. 1:15-cv-00442-CG-C (S.D. Ala., filed July 15, 2015, and denied September 23, 2015). Nowhere in the pleadings filed by the plaintiff in these cases did he allege the facts set out in this 42 U.S.C. § 1983 action.

dismissed pursuant to 28 U.S.C. 1915A(b)(1).

For all of the foregoing reasons, the plaintiff's motion to amend the complaint (doc. 7) is denied on the grounds of futility. Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous, fails to state a claim upon which relief may be granted, and seeks monetary relief from defendants who are immune. A Final Judgment will be entered.

**DATED** this 12th day of November, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE